**FILED**
United States Court of Appeals
Tenth Circuit

May 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH EDWARD McCONNEL,

Defendant - Appellant.

No. 13-6028

(W.D. Oklahoma)

(D.C. Nos. 5:12-CV-00127-M and
5:02-CR-00009-M-1)

---

**ORDER OF DISMISSAL**

---

Before **BRISCOE**, Chief Circuit Judge, and **ANDERSON** and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Joseph McConnel, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his 28 U.S.C. § 2255 motion. For the following reasons, we dismiss this matter.

As the district court below noted, Mr. McConnel was convicted by a jury in the United States District Court for the Western District of Oklahoma on June 10, 2002, on charges relating to the illegal sale or transfer of weapons.

Mr. McConnel was sentenced to seventy-one months' imprisonment and three years of supervised release. He unsuccessfully challenged his conviction and/or sentence on direct appeal, through a petition for a writ of certiorari by the United States Supreme Court and through a petition for a writ of habeas corpus under 28 U.S.C. § 2255. Mr. McConnel then appealed the denial of his § 2255 habeas petition, and our court (on appeal) remanded the matter to the district court for additional factual findings on Mr. McConnel's claim that his appellate counsel was ineffective.

While that matter was still pending before the Oklahoma federal district court, Mr. McConnel filed a petition pursuant to 28 U.S.C. § 2241 in the federal district court in Nevada. In that petition, he argued that he was "actually, factually and legally innocent of the unconstitutional sentence which he is currently serving." Order at 2. The Nevada district court concluded that Mr. McConnel had "not demonstrated that the § 2255 motion still pending before the courts in Oklahoma is 'inadequate or ineffective to test the legality of his detention.'" Id. at 4-5 (quoting 28 U.S.C. § 2255(e)). The court therefore concluded that Mr. McConnel was not entitled to pursue a § 2241 petition.

The court determined, however, that "rather than dismiss the petition outright, in the interests of justice, the Court . . . construe[d] the petition as a motion to amend the pending § 2255 motion and . . . transfer[red] the matter to

the United States District Court for the Western District of Oklahoma to be considered by that court." Order at 5.

Mr. McConnel's action was accordingly transferred on February 1, 2012, from the federal district court in Nevada to the federal district court in western Oklahoma, where it was treated as an amendment to Mr. McConnel's original § 2255 motion. The court observed that Mr. McConnel's supervised release had expired on January 27, 2012. The court then determined as follows: "Where judicial relief will not remedy the appellant's injury, 'the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot.'" Order at 1-2 (quoting United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000)). "Additionally , the United States district court has jurisdiction to entertain [Mr. McConnel]'s claim only while [he is] in federal custody. With [Mr. McConnel] having served his term of incarceration and the expiration of his supervised release, the Court finds that [Mr. McConnel]'s amendment to his original § 2255 claim is MOOT and this matter is therefore DISMISSED." Id. at 2 (citing 28 U.S.C. § 2255).

As indicated, Mr. McConnel seeks a COA to appeal that determination. Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). We need not reach the question of whether Mr. McConnel has made such a substantial showing, because we note, as did the

district court, that he is no longer a prisoner. We conclude, as did the court below, that this matter is moot and is properly dismissed. Mr. McConnel's request to proceed on appeal *in forma pauperis* is denied.

For the foregoing reasons, this matter is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge